# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **LAUREN ASHLEY CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12CV00023 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,**[1] | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Melissa K. Curry, Assistant Regional Counsel, and Kenneth DiVito, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

## I

Plaintiff Lauren Ashley Carter filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for supplemental security income benefits ("SSI") under Title XVI of the Social

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Security Act ("Act"), 42 U.S.C.A. §§ 1381-1383f (West 2011, 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Carter filed for SSI administratively on January 2, 2008, with a claimed disability onset date of December 28, 2007. After preliminary denials of her claim, she obtained a hearing before an administrative law judge ("ALJ") on March 18, 2010, at which she was represented by counsel and during which she testified along with an impartial vocational expert, Ann Marie Cash. On May 6, 2010, the ALJ issued a written decision finding that Carter was not disabled under the Act. Carter requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review on June 18, 2012, thereby making the ALJ's decision the final decision of the Commissioner. Carter then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed. The case is ripe for decision.

II

Carter was 23 years old when her SSI application was filed. She has a high school education and has worked for brief periods in the past as a restaurant worker and as a cashier. She last worked in September of 2005. She claimed

disability based upon degenerative disc disease, migraines, and depression and anxiety.

In his written decision, the ALJ reviewed Carter's medical history and the testimony presented at the hearing and set forth at length the reasons for her factual findings. She found that Carter had severe impairments of back pain, knee pain, migraines, depression, and anxiety. The ALJ found that Carter had no impairment or combination of impairments that met or equaled the severity of a listed impairment under the applicable Social Security regulations. In addition, she found that Carter had the residual functional capacity to perform light work, as defined by the regulations, with limitations appropriate to her impairments. Based upon the testimony of the vocational expert, the ALJ determined that Carter was capable of performing jobs that existed in significant numbers in the national economy and thus was not disabled.

It is contended in the present case that the ALJ erred in her determination of Carter's residual functional capacity by rejecting the opinions of certain medical sources and in particular that of Ralph Ramsden, Ph.D., a clinical psychologist who examined Carter at the request of her attorney on May 1, 2007, and June 5, 2007. It is also contended that the ALJ placed too much weight on the opinions of the state agency physicians who reviewed Carter's medical records but did not personally examine her.

## III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 1382c(a)(3)(B).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the

application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case was supported by substantial evidence and was reached through application of the correct legal standard.

IV

In his report of evaluation, Dr. Ramsden reviewed Carter's psychological and medical history and her report of symptoms. He administered certain tests and assessments, including the Minnesota Multiphasic Personality Inventory 2 ("MMPI-2"). He found Carter's MMPI-2 results to be "invalid with strong tendencies to exaggerate clinical problems. . . ." (R. 326.) His opinion was that

> Ms. Carter's presentation suggests either malingering or extreme exaggeration of clinical problems to the point that it is difficult to interpret test data. Ms. Carter is in need of intensive psychological treatment although her willingness to cooperate and consistently participate is suspect. It is expected that insight will be limited.

(R. 327.) In spite of this opinion, in an accompanying checkbox form entitled "Assessment of Ability to Do Work Related Activities (Mental)," Dr. Ramsden indicated that Carter had either seriously limited or no useful ability to do various work-related activities. (R. 328-30.)

The ALJ considered the opinions of Uzma Ehtesham, M.D., a psychiatrist who treated Carter from 2007 to 2010. Dr. Ehtesham also completed checkbox assessment forms indicating that Carter had no useful ability to do various work activities. (R. 306-08, 333-35, 752-54, 805-07, 812-14, 821-23.)

The ALJ gave little weight to the checkbox opinions of Dr. Ramsden and Dr. Ehtesham, finding them contrary to their own clinical findings and the record as a whole, including the opinions of state agency consultants Howard S. Leizer, Ph.D., and Julie Jennings, Ph.D., who found, based upon the medical records, that Carter had the ability to work despite her mental impairments. (R. 687, 741.)

In summary, the ALJ found that

> Notwithstanding the claimant's tendency to exaggerate her symptoms, the medical evidence indicates that she has a significant mental impairment. The evidence as a whole does not reflect more than mild limitations in activities of daily living and social functioning, or more than moderate limitations in concentration, persistence or pace.

(R. 33-34.)

A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2) (2013). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ was within her discretion to afford less weight to Dr. Ehtesham's opinion in this case, based upon its reliance upon the plaintiff's subjective reports of her symptoms and conclusory nature. Therefore, the ALJ's decision was supported by substantial evidence.

V

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER:  December 18, 2013

/s/  James P. Jones
United States District Judge